UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALPHA RECYCLING, INC.

    Plaintiff,

v.

DENIS REDZIC and ARMANDO
RECYCLING LLC.,

    Defendants.

Civil Case No. 22-cv-8043

**COMPLAINT**
**(JURY TRIAL DEMANDED)**

Plaintiff, Alpha Recycling, Inc. ("Plaintiff"), as and for their Complaint against Defendants Denis Redzic and Armando Recycling LLC (collectively, referred to hereinafter as the "Defendants"), hereby allege as follows:

## NATURE OF THE ACTION

1:    This is an action for, *inter alia*, fraud, breach of contract, and conversion resulting from Defendants' fraudulent and unlawful business operations.

2:    Plaintiff seeks to recover compensatory and other damages including the loss of more than $3,000,000 plus attorneys' fees along with other out-of-pocket expenses caused by Defendants' misconduct.

## THE PARTIES

3:    Plaintiff is a New York State corporation with its principal place of business and principal office located at 1641 East 233rd Street, Bronx, New York 10466. Plaintiff is engaged in the nationwide collection and recycling of catalytic converters and scrap metals.

4:    Defendant Denis Redzic ("Defendant Redzic") is an individual citizen of the State of Florida now residing, on information and belief, at 8387 Olive Brook Drive, Wesley Chapel,

Florida 33645.

5:      Defendant Armando Recycling LLC ("Defendant Armando LLC") is a Florida limited liability company with its principal office located at 4101 East 12th Avenue, Tampa, Florida 33605. Upon information and belief, Defendant Redzic is the sole member and manager of Defendant Armando LLC. Defendant Armando LLC's organization documents reflect its business activities involve the secondary sale of scrap metal.

6:      Defendants' business operations have resulted in criminal prosecution by the State of Florida. On February 16, 2021, Defendant Redzic was charged with one 3rd degree felony count for violating secondary metals recyclers' regulations as well as 3rd degree felony count for operating as an unregistered secondary metals recycler in Hillsborough County, Florida. Defendant Redzic was subsequently charged on November 3, 2021 with one additional 3rd degree felony count for violating secondary metals recyclers regulations in Hillsborough County, Florida. Upon information and belief, law enforcement has seized over $500,000 of Defendants' assets including, without limitation, more than 1,000 catalytic converters

## JURISDICTION AND VENUE

7:      This Court possesses subject-matter jurisdiction over all claims asserted in this Complaint pursuant to 28 U.S.C. § 1332. Specifically, Plaintiff is a resident of the State of New York, both Defendants (including Defendant Armando LLC's sole member) are residents of the State of Florida and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8:      This Court possesses personal jurisdiction over both Defendants inasmuch as they have substantial connections to the State of New York based on their numerous general and specific contacts. This includes, without limitation, Defendants having conducted meetings and entered into written agreements in furtherance of their unlawful scheme in the State of New York, directing

the unlawful acts described in this Complaint in the State of New York as well as causing harm and damages in the State of New York, as further described below.

9:      This Court is an appropriate venue for this action pursuant to 28 U.S.C. § 1391 because a substantial amount of the harm, damages, losses, and other unlawful acts described in this Complaint were directed by Defendants to, and occurred within, this District.

## FACTS

10:     In or about December 2019, Defendants began conducting business with Plaintiff for the purpose of lawfully locating and obtaining catalytic converter material. At Defendants' request, Plaintiff advanced funds in order to facilitate Defendants' acquisition of catalytic converter material they identified as being in the possession of various third-parties. Pursuant to this arrangement, Defendants would ultimately receive a credit from the advanced amount once Plaintiff had taken possession of the catalytic converter materials located and obtained by the Defendants.

11:     By way of example, on or about December 2, 2019, Plaintiff provided Defendants with a $50,000.00 advance for purposes of obtaining catalytic converter material Defendants represented they located and could obtain. On or about December 9, 2019, Plaintiff took possession of the corresponding catalytic converter material Defendants located and obtained - thereby eliminating Defendants' balance obligation to Plaintiff resulting from that respective advance.

12:     Between December 2019 and June 2020, the parties continued this course of business whereby Defendants would represent to Plaintiff they had located third party catalytic converters which could be obtained along with the amount of advance required to do so. Plaintiff would in turn provide Defendants with an advance for that specific amount in furtherance of securing the corresponding catalytic converters. Throughout this time period, Defendants' balance due to

Plaintiff's advances would fluctuate. At its highest, Defendants carried a balance due to Plaintiff of approximately $250,000.00. Defendants successfully eliminated their balance on five separate occasions during this period of time by locating, obtaining and providing Plaintiff with catalytic converter material that had been acquired by way of Plaintiff's advance.

13:     Beginning on or around June 18, 2020, Defendants began requesting Plaintiff provide larger advances while contemporaneously providing Plaintiff with catalytic converter material less frequently. Defendants routinely carried an outstanding balance due to Plaintiff exceeding $1,000,000.00. By the end of 2020, Defendants had an outstanding balance due to Plaintiff of nearly $600,000.00.

14:     As a result of Defendants' ongoing outstanding balance caused by Defendants' failure to timely locate, obtain and provide Plaintiff with catalytic converter materials, the parties entered into an agreement where, *inter alia*, Plaintiff would retrieve catalytic converter material from Defendant Armando LLC's recycling facility located in North Dakota for a charge of $2,000.00 per pick up (the "Pickup Agreement"). Defendant Armando LLC agreed to schedule pickups every one to two weeks with the operative $2,000.00 charge for each of Plaintiff's pick up to be deducted from Defendant Armando LLC's outstanding balance not to exceed $1,500,000.

15:     Additionally, Defendant Redzic entered into an agreement with Plaintiff personally guaranteeing the repayment of $1,500,000 in Defendants' outstanding advances due to Plaintiff (the "Personal Guarantee Agreement").  Under the Personal Guarantee Agreement, Defendant Redzic, agreed, among other things to:

> "1.     Subject to the above limit, the Guarantor guarantees that the Debtor will promptly pay the full amount of principal of the Debt as and when the same will in any manner be or become due, either according to the terms and conditions provided by the Agreement or upon acceleration of the payment under the Agreement by reason of a default.

2.     To the extent permitted by law, the Guarantor waives all defense, counterclaims or offsets that are legally available to the Guarantor with respect to the payment of the Debt of the Debtor. ….

12.    All of the Lender's rights, powers and remedies available under this Guarantee and under any other agreement in force now or anytime later between the Lender and the Guarantor will be cumulative and not alternative, and will be in additional to all rights, powers and remedies given to the Lender by law or in equity……

15.    This Guarantee is made pursuant to the laws of the State of New York. In the event that this Guarantee must be enforced by the Lender, all reasonable costs and expenses, including attorney's fees, incurred by the Lender will be paid by the Guarantor."

16:     After Defendants' execution of the Pickup Agreement and the Personal Guarantee Agreement, Plaintiff continued to provide advances to the Defendants for purposes of their lawfully locating, obtaining and providing catalytic converter material to the Plaintiff.

17:     On February 16, 2021, Defendant Redzic was charged with one 3rd degree felony count for violating secondary metals recycler regulations as well as and one 3rd degree felony count of operating as an unregistered secondary metals recycler in Hillsborough County, Florida. Defendant Redzic was subsequently charged on November 3, 2021 with one additional 3rd degree felony count for violating secondary metals recycler regulations in Hillsborough County, Florida. Upon information and belief, law enforcement has seized over $500,000 of Defendants' assets including, without limitation, more than 1,000 catalytic converters.

18:     At or around the time of Defendant Redzic's February 16, 2021 arrest and police seizure of Defendants' property (including, without limitation, catalytic converters purchased with Plaintiff's advances), the Defendants outstanding balance owed to Plaintiff exceeded $4,000,000.

19:     At no time did Defendants inform Plaintiff of Defendant Redzic's arrest nor the seizure of their assets (including, without limitation, catalytic converters purchased with Plaintiff's advances). To the contrary, Defendants continued to misrepresent to Plaintiff that they were

operating a lawful business by requesting additional advances for purposes of lawfully obtaining and providing third party catalytic converters they had located at the very same time Defendants stood charged with multiple felonies incident to their ongoing operation of an unregistered secondary metals recycling business.

20:     Having failed to inform Plaintiff of Defendant Redzic's arrest, the seizure of Defendants' assets (including, without limitation, catalytic converters purchased with Plaintiff's advances) and/or the unlawful nature of Defendants' ongoing business operations, Plaintiff continued to provide advances to the Defendants for the purpose detailed hereinabove.

21:     In or around August 2021, Defendants directed Plaintiff to wire advances to Defendant Redzic's personal account on numerous occasions. Plaintiff - still unaware of Defendants' pending felony charges relate to their business operation - advanced over $1,000,000 to Defendant Redzic's personal account.

22:     In or around September 2021, Defendants ceased all communications with Plaintiff. At that time, Defendants' outstanding balance owed to Plaintiff was approximately $3,800,000.

23:     By email on or about November 3, 2021, Plaintiff demanded Defendants to pay their outstanding balance of $3,851,637.23 within seven days.

24:     Defendants failed to respond or make any payment in response to Plaintiff's written demand for their outstanding balance of $3,851,637.23.

### COUNT I - FRAUD
**(All Defendants)**

25:     Plaintiff repeats, re-alleges and incorporates paragraphs 1 through 24 above, as though fully set forth herein.

26:     As set forth above, Defendants made material misrepresentations of fact in order to obtain millions of dollars in advances from Plaintiff. This included, without limitation, Defendants'

representations they were lawfully operating a secondary metals recycling business and were in possession of catalytic converters they had lawfully obtained from third parties by way of Plaintiff's advances.

27:     These misrepresentations were designed to deceive, and did deceive, Plaintiff, into providing advances to the Defendants which Defendants failed to repay.

28:     Plaintiff has suffered damages caused by their detrimental but reasonable reliance on Defendants' false statements. By reason of the foregoing conversion, Plaintiff has been injured in an amount of $3,851,637.23 plus interest.

## COUNT II _ FRAUDULENT CONCEALMENT
### (All Defendants)

29:     Plaintiff repeats, re-alleges and incorporates paragraphs 1 through 28 above, as though fully set forth herein.

30:     Defendants concealed and failed to disclose material facts as described above including, without limitation, the unlawful nature of their business operations, their arrest as well as the police's seizure of catalytic converters in their possession which had been purchased with Plaintiff's advances.

31:     Defendants knew their concealment and failure to disclose such material facts would induce Plaintiff to act including Plaintiff's provision of advances for catalytic converters which were to be lawfully obtained by Defendants.

32:     Defendants had a duty to disclose the aforesaid material facts to Plaintiff.

33:     Plaintiff has suffered damages caused by their detrimental but reasonable reliance on Defendants' concealment and failure to disclose material facts. By reason of the foregoing conversion, Plaintiff has been injured in an amount of $3,851,637.23 plus interest.

## COUNT III – BREACH OF CONTRACT: PERSONAL GUARANTEE AGREEMENT
### (Defendant Redzic)

34:     Plaintiff repeats, re-alleges and incorporates paragraphs 1 through 33 above, as though fully set forth herein.

35:     Defendant Redzic entered into a written agreement with Plaintiff whereby he personally guaranteed repayment of up to a maximum of $1,500,000.00 in advances which had been provided to Defendants by Plaintiff.

36:     Pursuant to the terms of the Personal Guarantee Agreement, Defendant Redzic guaranteed that he would "promptly pay the full amount of principal of the Debt as and when the same will in any manner be or become due, either according to the terms and conditions provided by the Agreement or upon acceleration of the payment under the Agreement by reason of a default".

37:     Pursuant to the terms of the Personal Guarantee Agreement, Plaintiff is entitled to "all reasonable costs and expenses, including attorney's fees" incurred by Plaintiff related to its enforcement.

38:     Plaintiff has incurred damages in the amount of $3,851,637.23 resulting from Defendants' unpaid and outstanding balances. Defendant Redzic has failed to pay Plaintiff the $1,500,000 portion thereof which he personally guaranteed.

39:     By reason of the foregoing, Defendant Redzic is liable to Plaintiff in the amount of $1,500,000 plus reasonable attorney's fees, costs, and interest.

## COUNT IV – BREACH OF CONTRACT: PICKUP AGREEMENT
### (Defendant Armando LLC)

40:     Plaintiff repeats, re-alleges and incorporates paragraphs 1 through 39 above, as though fully set forth herein.

41:     Defendant Armando LLC entered into a written agreement with Plaintiff whereby Plaintiff

would pick up catalytic converter material from Defendant Armando LLC's recycling facility located in North Dakota for the agreed upon fee of $2,000.00 per pick up.

42:     Pursuant to the terms of the Pickup Agreement, Defendant Armando LLC agreed to schedule pickups every one to two weeks with the corresponding $2,000.00 charge for each pick deducted from Defendant Armando LLC's outstanding balance with Plaintiff not to exceed $1,500,000.

43:     Defendant Armando LLC failed to schedule pickups pursuant to the Pickup Agreement and thereby denied Plaintiff catalytic converter material.

44:     Plaintiff incurred damages in the amount of $3,851,637.23 resulting from Defendants unpaid and outstanding balances. By reason of the foregoing, Defendant Armando LLC is liable to Plaintiff in the amount of $1,500,000.00 plus interest.

## COUNT V- CONVERSION
### (All Defendants)

45:     Plaintiff repeats, re-alleges and incorporates paragraphs 1 through 44 above, as though fully set forth herein

46:     Plaintiff has possessory rights and/or interests in certain property; namely the advanced funds in the amount of $3,851,637.23.

47:     Despite Plaintiff's demand for same, the Defendants continue to exercise dominion over such property in derogation of the Plaintiff's rights.

48:     By reason of the foregoing conversion, Plaintiff has been injured in an amount of $3,851,637.23 plus interest.

## COUNT VI – ALTER EGO / VEIL PIERCING
### (All Defendants)

49:     Plaintiff repeats, re-alleges and incorporates paragraphs 1 through 48 above, as though fully set forth herein.

50:     Defendant Redzic solely owned and controlled Defendant Armando LLC for his own personal benefit during the time period referenced hereinabove.

51:     Defendant Redzic used Defendant Armando Recycling LLC as a façade in furtherance of his unlawful business operations. To this end, Defendant Redzic portrayed Defendant Armando Recycling LLC as a lawfully registered secondary metals recycling business – a portrayal which induced Plaintiff to provide Defendants with millions of dollars in advances for the purpose of obtaining catalytic converters.

52:     Defendant Redzic further abused Defendant Armando LLC's corporate form by commingling corporate and personal assets, including without limitation, directing more than $1,000,000.00 in advances which had been provided by Plaintiff to his own personal bank account.

53:     By reason of the foregoing conversion, Plaintiff has been injured in an amount of $3,851,637.23 plus interest

## COUNT VII – UNJUST ENRICHMENT
### (All Defendants)

54:     Plaintiff repeats, re-alleges and incorporates paragraphs 1 through 53 above, as though fully set forth herein.

55:     Each of the Defendants was unjustly enriched and wrongfully benefited from their misconduct at Plaintiff's expense as described above.

56:     Equity and good conscience require Defendants to be held liable and provide restitution for all damages caused by their unjust enrichment, including the resulting loss of millions of dollars in advances from Plaintiff.

57:     By reason of the foregoing unjust enrichment, Plaintiff has been injured in an amount of $3,851,637.23 plus interest

## <u>JURY DEMAND</u>

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff prays for the following relief:

      i.   Judgment for $3,851,637.23 against all Defendants, jointly and severally;

     ii.   Prejudgment interest, attorneys' and expert fees, costs, and disbursements in connection with this action, as permitted by law; and

    iii.   Such other and further relief as the Court deems just.

Dated:   Brooklyn, New York
          September 20, 2022

                              Respectfully submitted,

                              **ZAWISNY & ZAWISNY, P.C.**

                              By: <u>\s\ *Mark Zawisny*     </u>
                                    Mark Zawisny, Esq.
                                    578 Driggs Avenue
                                    Brooklyn, NY 11211
                                    Telephone: 718-388-3330
                                    Email: zawisnyesq@aol.com
                                    *Attorneys for Plaintiff Alpha Recycling, Inc.*